**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHALK & VERMILION, L.L.C.,<br>*Plaintiff*,<br>v.<br>PIXELS.COM, LLC d/b/a FINE ART AMERICA,<br>*Defendant*. | Civil Action No.: 7:26-cv-9626<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Chalk & Vermilion, L.L.C. ("Chalk & Vermilion" or "Plaintiff") through its undersigned counsel brings this action against Defendant Pixels.com, LLC d/b/a Fine Art America ("Fine Art America" or "Defendant") and alleges as follows.

## NATURE OF THE ACTION

1. Plaintiff Chalk & Vermilion brings this action asserting twenty-six counts of copyright infringement against Defendant Fine Art America for its knowingly unauthorized reproduction, public display, and sale of copies of the works of the deceased artist Romain de Tirtoff, professionally known as Erté, on Defendant's online marketplace and print-on-demand service, FineArtAmerica.com (the "Website").

## PARTIES

2. Plaintiff Chalk & Vermilion is a Connecticut limited liability company with its current principal place of business located at 55 Old Post Road No. 2, Greenwich, Connecticut 06830.

3. On information and belief, Defendant Fine Art America is an Illinois limited liability company with its current principal place of business located at 2202 Main Street, Santa Monica, California 90405.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over all counts in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because they arise under the U.S. Copyright Act, 17 U.S.C. § 101, *et seq.*

5. This Court has personal jurisdiction over Defendant Fine Art America under N.Y. C.P.L.R. § 302(a)(1) because this action arises from Defendant's transaction of business and supply of goods in New York and in this District.

6. This Court also has personal jurisdiction over Defendant Fine Art America under N.Y. C.P.L.R. § 302(a)(2) because this action arises from Defendant's acts of copyright infringement in New York and in this District.

7. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

8. This action is properly designated to White Plains because the claims asserted arose in whole or in major part in Westchester County.

## FACTS

### I. Romain de Tirtoff p/k/a Erté and his Alphabet Series.

9. Romain de Tirtoff, born in 1892 and deceased in 1990, and professionally known as Erté, was a Russian-born French artist and designer renowned for his contributions to the Art Deco movement. His work spanned illustration, fashion, theatrical and costume design, and sculpture, and is known for its stylized figures and elaborate decorative detail. Among his best-

known works is his Alphabet series, comprising twenty-six separate compositions in which human figures form the letters of the alphabet ("Alphabet Series"), examples of which are provided below.




10. The Alphabet Series is among Erté's most recognizable bodies of work. Images of its twenty-six compositions are widely available and readily discoverable on the Internet through ordinary Internet searches.

## II. Plaintiff Chalk & Vermilion's twenty-six copyright registrations for each of the works in the Alphabet Series.

11. Plaintiff Chalk & Vermilion owns the copyrights in each of the works comprising the Alphabet Series, by written assignment.

12. As follows, each of the twenty-six separate works comprising the Alphabet Series is subject to a separate registration in the U.S. Copyright Office.

| Title | Registration No. | Effective Date of Registration |
|---|---|---|
| A (Alphabet) | VA0014372564 | August 1, 2022 |
| B (Alphabet) | VA0001437265 | August 1, 2022 |
| C (Alphabet) | VA0001437266 | August 1, 2022 |
| D (Alphabet) | VA0001437267 | August 1, 2022 |

| Title | Registration No. | Effective Date of Registration |
|---|---|---|
| E (Alphabet) | VA0001437268 | August 1, 2022 |
| F (Alphabet) | VA0001437269 | August 1, 2022 |
| G (Alphabet) | VA0001437270 | August 1, 2022 |
| H (Alphabet) | VA0001437271 | August 1, 2022 |
| I (Alphabet) | VA0001437272 | August 1, 2022 |
| J (Alphabet) | VA0001437273 | August 1, 2022 |
| K (Alphabet) | VA0001437274 | August 1, 2022 |
| L (Alphabet) | VA0001437275 | August 1, 2022 |
| M (Alphabet) | VA0001437276 | August 1, 2022 |
| N (Alphabet) | VA0001437277 | August 1, 2022 |
| O (Alphabet) | VA0001437278 | August 1, 2022 |
| P (Alphabet) | VA0001437279 | August 1, 2022 |
| Q (Alphabet) | VA0001437280 | August 1, 2022 |
| R (Alphabet) | VA0001437288 | August 1, 2022 |
| S (Alphabet) | VA0001437289 | August 1, 2022 |
| T (Alphabet) | VA0001437281 | August 1, 2022 |
| U (Alphabet) | VA0001437282 | August 1, 2022 |
| V (Alphabet) | VA0001437283 | August 1, 2022 |
| W (Alphabet) | VA0001437284 | August 1, 2022 |
| X (Alphabet) | VA0001437285 | August 1, 2022 |
| Y (Alphabet) | VA0001437286 | August 1, 2022 |
| Z (Alphabet) | VA0001437287 | August 1, 2022 |

Photographic representations of the Alphabet Series identified above are attached as Exhibit A.

13. Plaintiff owns each of the foregoing twenty-six copyright registrations.

**III. Defendant Fine Art America's unauthorized sale of Erté reproductions, including the Alphabet Series.**

14. In or about April 2026, Plaintiff observed that Fine Art America was publicly displaying verbatim copies of more than two hundred works by Erté on its Website and offering reproductions of those works for sale through its print-on-demand service.

15. Among the works Plaintiff personally observed displayed and offered for sale on Defendant's Website were multiple distinct works from Erté's Alphabet Series.

16. Below are representative examples of Defendant's unauthorized display and offering for sale of reproductions of just two works from the Alphabet Series on the Website. These examples illustrate but are not exhaustive as to the instances Plaintiff observed.



Floral Letter C Designerte fashion Print
Erte Fashion
$95



Woman and Leopard Silhouetteerte fashion Print
Erte Fashion
$95

17. On information and belief, Defendant's unauthorized public display and offering for sale of Erté reproductions has extended to each of the twenty-six works comprising the Alphabet Series, at minimum. This belief is based on Plaintiff's observation of multiple distinct Alphabet Series works among more than two hundred Erté works offered on the Website, together with its observation of the changes in those offerings over time, including the subsequent

disappearance of numerous listings. Accordingly, the listings available on Defendant's Website at any particular time do not reflect the full range of Erté works Defendant previously displayed and offered for sale.

18. Plaintiff has not authorized Fine Art America to reproduce, publicly display, distribute, or sell copies of any of the works comprising the Alphabet Series or any other work authored by Erté or otherwise owned by Plaintiff.

19. Fine Art America is aware it does not possess the authority to reproduce, publicly display, distribute, or sell copies of any of the works comprising the Alphabet Series or any other work authored by Erté. Plaintiff, through a related entity, previously corresponded with Fine Art America in 2021 concerning Fine Art America's infringement of numerous Erté-created works at that time.

**IV. Defendant Fine Art America's promotion and sales of Erté reproductions, including works from the Alphabet Series, in this District.**

20. On information and belief, Defendant has offered unauthorized reproductions of the Alphabet Series challenged in this action for purchase by customers in this District and for delivery to this District through the Website's ordering and print-on-demand service.

21. In April 2026, a purchaser acting on Plaintiff's behalf ordered from Fine Art America's Website a six-by-eight-inch reproduction of Erté's work, L (Alphabet), to be printed on eight-by-ten-inch archival matte paper. The purchaser paid $126 and listed White Plains, New York, billing and shipping addresses.

22. Defendant accepted payment for the order and confirmed the purchase and the White Plains, New York, delivery address.

23. Defendant thereafter fulfilled the order and caused the reproduction of Erté's work, L (Alphabet), to be shipped and delivered to the purchaser's address in White Plains, New York.

24. As shown below, it was a verbatim copy of Erté's work, L (Alphabet).



25. This transaction demonstrates Defendant's acceptance and fulfillment of New York orders for the unauthorized Alphabet Series reproductions marketed through the Website. Each of Plaintiff's twenty-six infringement claims concerns a work from that series that, on information and belief, Defendant likewise displayed and offered through the Website for purchase and delivery in New York. Plaintiff's claims thus arise out of and relate to Defendant's commercial exploitation of the Alphabet Series in this District, including the sale and delivery described above.

**V. Defendant Fine Art America's receipt of notice of its infringement and continued willful infringement of Plaintiff's copyrights.**

26. On or around June 23, 2026, Plaintiff through counsel notified Fine Art America of its ownership of the copyrights in the works of Erté and demanded, *inter alia*, that Fine Art America cease its infringing uses of Plaintiff's works created by Erté. As of that date, there were unauthorized copies of at least 5 different Alphabet works – letters C, L, M, Q and Z – displayed on Fine Art America's Website and offered for sale. See Exhibit B.

27. By August 27, 2026, well after Fine Art America received notice of Plaintiff's copyrights, the number of Erté works available for sale on Fine Art America's Website was reduced from over 200 to around seventy-five. Nonetheless, Fine Art America failed to comply with Plaintiff's demand to cease infringing use of Plaintiff's works created by Erté. Fine Art America's Website still offered copies of numerous Erté works, including the same five works from the Alphabet Series. See Exhibit C.

28. On that date, Plaintiff again through counsel notified Fine Art America of its ownership of the copyrights in the works of Erté and demanded, *inter alia*, that Fine Art America cease its infringing uses of Plaintiff's works created by Erté.

29. Following Plaintiff's follow-up demand letter to Fine Art America, Fine Art America continued to display and offer for sale numerous Erté works that infringe Plaintiff's copyrights, including several works from the Alphabet Series.

## COUNT I
### Direct copyright infringement
### U.S. Copyright Act, 17 U.S.C. § 501

30. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

31. The work titled "A (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0014372564, is an original copyrightable work.

32. Plaintiff is the sole owner of the copyright in "A (Alphabet)," which is the subject of Reg. No. VA0014372564, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

33. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "A (Alphabet)" by its unauthorized

reproduction, public display, preparation of derivative works, distribution, and sale of copies of “A (Alphabet).”

34. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté’s works in any way.

35. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

36. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant’s profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

37. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America’s infringement of “A (Alphabet)”.

38. Plaintiff has no adequate remedy at law. Defendant Fine Art America’s continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

39. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff’s copyrights in the work “A (Alphabet).”

40. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

41. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys’ fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT II**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

42. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

43. The work titled "B (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437265, is an original copyrightable work.

44. Plaintiff is the sole owner of the copyright in "B (Alphabet)," which is the subject of Reg. No. VA0001437265, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

45. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "B (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "B (Alphabet)."

46. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

47. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

48. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

49. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "B (Alphabet)".

50. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

51. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "B (Alphabet)."

52. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

53. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT III**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

54. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

55. The work titled "C (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437266, is an original copyrightable work.

56. Plaintiff is the sole owner of the copyright in "C (Alphabet)," which is the subject of Reg. No. VA0001437266, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

57. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "C (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "C (Alphabet)."

58. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

59. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

60. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

61. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "C (Alphabet)".

62. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

63. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "C (Alphabet)."

64. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

65. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT IV**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

66. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

67. The work titled, “D (Alphabet),” registered in the U.S. Copyright Office under Reg. No. VA0001437267, is an original copyrightable work.

68. Plaintiff is the sole owner of the copyright in “D (Alphabet),” which is the subject of Reg. No. VA0001437267, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

69. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work “D (Alphabet)” by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of “D (Alphabet).”

70. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté’s works in any way.

71. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

72. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant’s profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

73. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America’s infringement of “D (Alphabet)”.

74. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

75. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "D (Alphabet)."

76. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

77. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

## COUNT V
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

78. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

79. The work titled, "E (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437268, is an original copyrightable work.

80. Plaintiff is the sole owner of the copyright in "E (Alphabet)," which is the subject of Reg. No. VA0001437268, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

81. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "E (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "E (Alphabet)."

82. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

83. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

84. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

85. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "E (Alphabet)".

86. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

87. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "E (Alphabet)."

88. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

89. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

## COUNT VI
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

90. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

91. The work titled, "F (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437269, is an original copyrightable work.

92. Plaintiff is the sole owner of the copyright in "F (Alphabet)," which is the subject of Reg. No. VA0001437269, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

93. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "F (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "F (Alphabet)."

94. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

95. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

96. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

97. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "F (Alphabet)".

98. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

99. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "F (Alphabet)."

100. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

101. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT VII**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

102. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

103. The work titled, "G (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437270, is an original copyrightable work.

104. Plaintiff is the sole owner of the copyright in "G (Alphabet)," which is the subject of Reg. No. VA0001437270, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

105. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "G (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "G (Alphabet)."

106. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

107. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

108. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

109. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "G (Alphabet)".

110. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

111. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "G (Alphabet)."

112. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

113. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT VIII**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

114. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

115. The work titled, "H (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437271, is an original copyrightable work.

116. Plaintiff is the sole owner of the copyright in "H (Alphabet)," which is the subject of Reg. No. VA0001437271, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

117. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "H (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "H (Alphabet)."

118. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

119. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

120. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

121. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "H (Alphabet)".

122. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

123. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "H (Alphabet)."

124. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

125. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT IX**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

126. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

127. The work titled, "I (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437272, is an original copyrightable work.

128. Plaintiff is the sole owner of the copyright in "I (Alphabet)," which is the subject of Reg. No. VA0001437272, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

129. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "I (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "I (Alphabet)."

130. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

131. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

132. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

133. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "I (Alphabet)".

134. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

135. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "I (Alphabet)."

136. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

137. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT X**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

138. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

139. The work titled, "J (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437273, is an original copyrightable work.

140. Plaintiff is the sole owner of the copyright in "J (Alphabet)," which is the subject of Reg. No. VA0001437273, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

141. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "J (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "J (Alphabet)."

142. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

143. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

144. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

145. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "J (Alphabet)".

146. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

147. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "J (Alphabet)."

148. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

149. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XI**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

150. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

151. The work titled, "K (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437274, is an original copyrightable work.

152. Plaintiff is the sole owner of the copyright in "K (Alphabet)," which is the subject of Reg. No. VA0001437274, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

153. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "K (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "K (Alphabet)."

154. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

155. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

156. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

157. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "K (Alphabet)".

158. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

159. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "K (Alphabet)."

160. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

161. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XII**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

162. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

163. The work titled, "L (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437275, is an original copyrightable work.

164. Plaintiff is the sole owner of the copyright in "L (Alphabet)," which is the subject of Reg. No. VA0001437275, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

165. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "L (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "L (Alphabet)."

166. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

167. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

168. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

169. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "L (Alphabet)".

170. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

171. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "L (Alphabet)."

172. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

173. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XIII**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

174. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

175. The work titled, "M (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437276, is an original copyrightable work.

176. Plaintiff is the sole owner of the copyright in "M (Alphabet)," which is the subject of Reg. No. VA0001437276, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

177. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "M (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "M (Alphabet)."

178. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

179. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

180. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

181. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "M (Alphabet)".

182. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

183. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "M (Alphabet)."

184. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

185. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XIV**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

186. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

187. The work titled, "N (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437277, is an original copyrightable work.

188. Plaintiff is the sole owner of the copyright in "N (Alphabet)," which is the subject of Reg. No. VA0001437277, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

189. By the actions alleged above, after August 1, 2022, Defendant Fine Art America commenced infringement of Plaintiff's copyrights in the work "N (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "N (Alphabet)."

190. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

191. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

192. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

193. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "N (Alphabet)".

194. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

195. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "N (Alphabet)."

196. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

197. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XV**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

198. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

199. The work titled, "O (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437278, is an original copyrightable work.

200. Plaintiff is the sole owner of the copyright in "O (Alphabet)," which is the subject of Reg. No. VA0001437278, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

201. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "O (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "O (Alphabet)."

202. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

203. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

204. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

205. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "O (Alphabet)".

206. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

207. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "O (Alphabet)."

208. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

209. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XVI**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

210. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

211. The work titled, "P (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437279, is an original copyrightable work.

212. Plaintiff is the sole owner of the copyright in "P (Alphabet)," which is the subject of Reg. No. VA0001437279, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

213. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "P (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "P (Alphabet)."

214. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

215. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

216. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

217. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "P (Alphabet)".

218. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

219. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "P (Alphabet)."

220. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

221. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XVII**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

222. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

223. The work titled, "Q (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437280, is an original copyrightable work.

224. Plaintiff is the sole owner of the copyright in "Q (Alphabet)," which is the subject of Reg. No. VA0001437280, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

225. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "Q (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "Q (Alphabet)."

226. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

227. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

228. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

229. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "Q (Alphabet)".

230. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

231. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "Q (Alphabet)."

232. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

233. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XVIII**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

234. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

235. The work titled, "R (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437288, is an original copyrightable work.

236. Plaintiff is the sole owner of the copyright in "R (Alphabet)," which is the subject of Reg. No. VA0001437288, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

237. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "R (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "R (Alphabet)."

238. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

239. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

240. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

241. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "R (Alphabet)".

242. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

243. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "R (Alphabet)."

244. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

245. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XIX**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

246. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

247. The work titled, "S (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437289, is an original copyrightable work.

248. Plaintiff is the sole owner of the copyright in "S (Alphabet)," which is the subject of Reg. No. VA0001437289, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

249. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "S (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "S (Alphabet)."

250. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

251. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

252. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

253. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "S (Alphabet)".

254. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

255. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "S (Alphabet)."

256. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

257. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XX**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

258. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

259. The work titled, "T (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437281, is an original copyrightable work.

260. Plaintiff is the sole owner of the copyright in "T (Alphabet)," which is the subject of Reg. No. VA0001437281, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

261. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "T (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "T (Alphabet)."

262. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

263. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

264. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

265. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "T (Alphabet)".

266. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

267. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "T (Alphabet)."

268. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

269. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XXI**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

270. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

271. The work titled, "U (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437282, is an original copyrightable work.

272. Plaintiff is the sole owner of the copyright in "U (Alphabet)," which is the subject of Reg. No. VA0001437282, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

273. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "U (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "U (Alphabet)."

274. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

275. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

276. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

277. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "U (Alphabet)".

278. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

279. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "U (Alphabet)."

280. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

281. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**<u>COUNT XXII</u>**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

282. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

283. The work titled, "V (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437283, is an original copyrightable work.

284. Plaintiff is the sole owner of the copyright in "V (Alphabet)," which is the subject of Reg. No. VA0001437283, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

285. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "V (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "V (Alphabet)."

286. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

287. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

288. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

289. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "V (Alphabet)".

290. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

291. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "V (Alphabet)."

292. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

293. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XXIII**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

294. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

295. The work titled, "W (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437284, is an original copyrightable work.

296. Plaintiff is the sole owner of the copyright in "W (Alphabet)," which is the subject of Reg. No. VA0001437284, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

297. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "W (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "W (Alphabet)."

298. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

299. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

300. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

301. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "W (Alphabet)".

302. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

303. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "W (Alphabet)."

304. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

305. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**<u>COUNT XXIV</u>**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

306. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

307. The work titled, "X (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437285, is an original copyrightable work.

308. Plaintiff is the sole owner of the copyright in "X (Alphabet)," which is the subject of Reg. No. VA0001437285, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

309. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "X (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "X (Alphabet)."

310. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

311. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

312. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

313. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "X (Alphabet)".

314. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

315. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "X (Alphabet)."

316. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

317. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XXV**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

318. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

319. The work titled, "Y (Alphabet)," registered in the U.S. Copyright Office under Reg. No. VA0001437286, is an original copyrightable work.

320. Plaintiff is the sole owner of the copyright in "Y (Alphabet)," which is the subject of Reg. No. VA0001437286, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

321. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff's copyrights in the work "Y (Alphabet)" by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of "Y (Alphabet)."

322. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté's works in any way.

323. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

324. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant's profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

325. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America's infringement of "Y (Alphabet)".

326. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

327. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "Y (Alphabet)."

328. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

329. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

**COUNT XXVI**
**Direct copyright infringement**
**U.S. Copyright Act, 17 U.S.C. § 501**

330. Plaintiff repeats and incorporates by reference its allegations in the preceding paragraphs as if set forth fully herein.

331. The work titled, “Z (Alphabet),” registered in the U.S. Copyright Office under Reg. No. VA0001437287, is an original copyrightable work.

332. Plaintiff is the sole owner of the copyright in “Z (Alphabet),” which is the subject of Reg. No. VA0001437287, having an effective date of registration of August 1, 2022, identifying Plaintiff as sole copyright claimant.

333. By the actions alleged above, since some time after August 1, 2022, Defendant Fine Art America has infringed Plaintiff’s copyrights in the work “Z (Alphabet)” by its unauthorized reproduction, public display, preparation of derivative works, distribution, and sale of copies of “Z (Alphabet).”

334. As alleged above, the actions of Defendant Fine Art America were willful and knowing. Fine Art America knew it did not have a license to use any of Erté’s works in any way.

335. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has been and continues to be damaged in an amount unknown at the present and to be determined at trial.

336. Plaintiff is entitled to recover its actual damages and any additional damages from Defendant’s profits not calculated in the computation of its actual damages, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504.

337. Plaintiff is also entitled to seek statutory damages of up to $150,000 for Defendant Fine Art America’s infringement of “Z (Alphabet)”.

338. Plaintiff has no adequate remedy at law. Defendant Fine Art America's continuing infringement causes and will continue to cause irreparable injury to Plaintiff, including injury to its reputation and to its control over its own Work, unless enjoined by this Court.

339. Plaintiff is entitled to permanent injunctive relief enjoining and restraining Defendant Fine Art America from any further infringement of Plaintiff's copyrights in the work "Z (Alphabet)."

340. Plaintiff is entitled to recover from Defendant Fine Art America its full costs of this action, pursuant to 17 U.S.C. § 505.

341. Plaintiff is entitled to recover from Defendant Fine Art America its reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chalk & Vermilion respectfully requests that this Court enter judgment in its favor and against Defendant Fine Art America, and award the following relief:

A. An order adjudging Defendant Fine Art America liable for twenty-six counts of direct copyright infringement under Counts I to XXVI, in violation of 17 U.S.C. § 501;

B. An order adjudging that the acts of copyright infringement by Defendant Fine Art America were willful and that Fine Art America acted in bad faith;

C. An award of monetary damages according to proof at trial;

D. An order requiring Defendant Fine Art America to provide an accounting of any and all profits derived by it by reason of its acts complained of herein;

E. An award of statutory damages of up to $150,000 per work pursuant to 17 U.S.C. § 504(c)(2) for each of the twenty-six separate works infringed by Defendant Fine Art America;

F. An award of Plaintiff's costs and attorneys' fees pursuant to 17 U.S.C. § 505;

G. An award of all interest as allowed by law;

H. An order that Defendant and any of its members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; their respective divisions, such divisions' respective members, officers, principals, shareholders, agents, servants, employees, attorneys, successors, and assigns; and those in privity with or in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, to permanently cease all acts constituting copyright infringement;

I. An order for the destruction of all infringing copies of the Plaintiff's copyrighted works in the possession and control of Defendant Fine Art America and of all articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503(b);

J. An order providing for the Court's retention of jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement and compliance therewith, and for the punishment of any violations thereof; and

K. An award of any other relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for relief herein and all issues so triable.

Dated: November 3, 2026

Respectfully submitted,

LEASON ELLIS LLP

Yuval H. Marcus (YM 5348)
Tatsuya Adachi (TA 1996)
One North Lexington Avenue, Suite 1200
White Plains, New York 10601
Tel.: 914.288.0022
marcus@leasonellis.com
adachi@leasonellis.com
lelitdocketing@leasonellis.com

*Attorneys for Plaintiff Chalk & Vermilion, L.L.C.*